1  Tara J. Schleicher, OSB #954021
   Farleigh Wada Witt
2  121 SW Morrison Street, Suite 600
   Portland, Oregon 97204-3136
3  Telephone: (503) 228-6044

4      Attorneys for Joanne F. Bishop, Mary Bagley Flippen,
         Helen M. Hays, Jean M. Hilton, Earl and Ruby Martin, Eugene A.
5      Rizzo, Ruby Walczyk, and Gene M. and Nancy F. Chouinard

6

7

8               IN THE UNITED STATES BANKRUPTCY COURT

9                     FOR THE DISTRICT OF OREGON

10 In re

11 ORCHARDS VILLAGE INVESTMENTS, LLC,     Case No. 09-30893-rld11

12            Debtor.

13 JOANNE F. BISHOP, an individual, MARY     Adversary Proceeding
   BAGLEY FLIPPIN, an individual, HELEN M.     Case No. 09-03186
14 HAYS, an individual, JEAN M. HILTON, an
   individual, EARL AND RUBY MARTIN,     COMPLAINT
15 individuals, EUGENE A. RIZZO, an individual,
   RUBY WALCZYK, an individual, and GENE     (Unjust Enrichment, Fraud, Declaratory
16 M. AND NANCY F. CHOUINARD, individuals,     Judgment for Equitable Lien, Declaratory
                                         Judgment for Constructive Trust,
17            Plaintiffs,     Conversion, Breach of Contract)

18            v.

19 FARMINGTON CENTERS, INC., an Oregon
   corporation, ORCHARDS VILLAGE
20 INVESTMENTS, LLC, an Oregon limited
   liability company, HENRY'S ORCHARD
21 VILLAGE, LLC, a Washington limited liability
   company, SUGARMAN'S ORCHARD, LLC, an
22 Oregon limited liability company, CARBURTON
   PROPERTIES 8, LLC, a Delaware limited
23 liability company, JACK BURGESS AND
   TERESA BURGESS, co-trustees of the Burgess
24 Family Trust dated 7/31/1992,

25            Defendants.

26 / / /

Page 1 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  Joanne F. Bishop ("Bishop"), Mary Bagley Flippen ("Flippen"), Helen M. Hays
2  ("Hays"), Jean M. Hilton ("Hilton"), Earl and Ruby Martin ("Martin"), Eugene A. Rizzo
3  ("Rizzo"), Ruby Walczyk ("Walczyk") and Gene M. and Nancy F. Chouinard ("Chouinard")
4  (collectively, "Plaintiffs"), hereby allege as follows:

## PARTIES, JURISDICTION and VENUE

1.

The Plaintiffs, except for the Chouinards, are all residents of the facility located at 10011 NE 118th Ave., Vancouver, Washington 98682 (the "Facility"), which is owned by Orchards Village Investments, LLC (the "Debtor") and Henry's Orchard Village, LLC, Sugarman's Orchard, LLC, Carburton Properties 8, LLC and Jack Burgess and Teresa Burgess as co-trustees of the Burgess Family Trust dated 7/31/1992.

2.

The Debtor filed a voluntary chapter 11 petition in this case on February 13, 2009 (the "Petition Date"). Prior to that time, Pivotal Solutions, Inc. (the "Receiver") was appointed by the Clark County Superior Court for the State of Washington (the "State Court") in case No. 08-2-04250-6. Pursuant to order of this court, the Receiver remains in possession and control of the Facility (Docket No. 114).

3.

Farmington Centers, Inc. ("Farmington") is an Oregon corporation with its principal place of business located in Portland, Oregon.

4.

Henry's Orchard Village, LLC ("Henry's") is a Washington limited liability company with its principal place of business in Vancouver, Washington.

5.

Sugarman's Orchard LLC ("Sugarman's") is an Oregon limited liability company with its principal place of business in Beaverton, Oregon.

Page 2 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

6.

Carburton Properties 8, LLC ("Carburton") is a Delaware limited liability company with its principal place of business in Portland, Oregon.

7.

Jack Burgess and Teresa Burgess as co-trustees of the Burgess Family Trust dated 7/31/1992 ("Burgess") reside in Portland, Oregon.

8.

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (K), and (O).  Venue is proper pursuant to 28 U.S.C. § 1409.

**BACKGROUND FACTS**

9.

Farmington, as agent for a nonexistent principal, "Orchards Village, LLC," solicited significant amounts of money from Plaintiffs as "buy-in fees" upon Plaintiffs moving to the Facility.  Each of the Plaintiffs signed a residence agreement with Farmington as agent for nonexistent principal, "Orchards Village, LLC."  Each Plaintiff paid the amount set forth below to "Orchards Village" as "buy-in fees":

| | |
|---|---|
| Helen M. Hays | $113,492.00 |
| Mary Bagley Flippen | $113,492.00 |
| Joanne F. Bishop | $199,325.00 |
| Jean M. Hilton | $199,325.00 |
| Eugene A. Rizzo | $199,325.00 |
| Earl E. and Ruby B. Martin | $113,492.00 |
| Ruby Walczyk and Gene M. and Nancy F. Chouinard | $199,325.00 |

10.

Farmington and representatives of the Debtor represented that the "buy-in fees" paid by the Plaintiffs would be used to buy their position in the Facility and be held for their eventual use for assisted living care or Alzheimer's care at the Facility.  Farmington and

Page 3 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  representatives of the Debtor represented that the "buy-in fees" would be refunded if the resident

2  Plaintiffs moved or, if they died, would be refunded to their estates. Farmington and

3  representatives of the Debtor represented to Plaintiffs that the only option available to them to

4  move to the Facility was to pay substantial "buy-in fees." Contrary to those representations,

5  Plaintiffs later discovered that many residents of the Facility were not charged any "buy-in fees"

6  upon moving into the Facility.

7                                                   11.

8           Farmington and representatives of the Debtor represented to Plaintiffs that the

9  money paid by Plaintiffs as buy-in fees would be kept by "Orchards Village" for their benefit

10 and that the interest from those funds would be retained by "Orchards Village." Farmington and

11 representatives of the Debtor instructed some employees of the Debtor to tell the potential

12 residents that the "buy-in fees" would be held in escrow for them until the funds were needed for

13 eventual assisted living or Alzheimer's care.

14                                                  12.

15          Upon information and belief, the Debtor and/or Farmington received the funds

16 referenced in paragraph 9 and used such funds for their own use and benefit, including making

17 payments to their "investors."

18                                                  13.

19          Neither Farmington nor the Debtor holds any license required by law to operate

20 the Facility.

21                                                  14.

22          Neither Farmington nor the Debtor have possession or control of the Facility.

23 ///

24 ///

25 ///

26 ///

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**FIRST CLAIM FOR RELIEF**

**(Unjust Enrichment)**

**(Against Farmington and the Debtor)**

15.

Plaintiffs reallege paragraphs 1 – 14 above as if set forth herein.

16.

Plaintiffs have conferred a benefit upon the Debtor and Farmington in the form of the buy-in fees paid in paragraph 9 that Debtor and Farmington used for their own use and benefit.

17.

The Debtor and Farmington knew of the benefit conferred upon them by Plaintiffs' payment of buy-in fees.

18.

The Debtor and Farmington accepted and retained the benefit of the buy-in fees under circumstances that make it inequitable for them to retain the benefit without paying Plaintiffs back.

19.

Plaintiffs are entitled to a judgment against Debtor and Farmington for unjust enrichment. As a remedy against the Debtor, Plaintiffs are entitled to an equitable lien against the Facility. Plaintiffs are entitled to a money judgment against Farmington for the "buy-in fees" paid by Plaintiffs to the extent that Farmington received the use and benefit of such funds, including any payments made by Farmington to its "investors."

/ / /

/ / /

/ / /

/ / /

Page 5 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**SECOND CLAIM FOR RELIEF**

**(Fraud)**

**(Against the Debtor and Farmington)**

20.

Plaintiffs reallege paragraphs 1-19 above as if set forth herein.

21.

Representatives of the Debtor and Farmington represented to the Plaintiffs that: (i) the "buy-in" fees they paid would be held for the Plaintiffs' eventual use for assisted living and Alzheimer's care at the Facility; and (ii) Plaintiffs were buying into the Facility.

22.

The representations made by representatives of the Debtor and Farmington were false.

23.

Plaintiffs reasonably relied upon the representations made by representatives of the Debtor and Farmington set forth in paragraph 21 above.

24.

Plaintiffs have been damaged by the misrepresentations made by representatives of the Debtor and Farmington in that the Facility is in receivership and the buy-in fees paid by Plaintiff are gone.

25.

Plaintiffs are entitled to a judgment against the Debtor and Farmington for a money judgment for the amount of the buy-in fees paid as referenced in paragraph 9.

///

///

///

///

Page 6 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment – Equitable Lien)**

**(Against Debtor, Henry's, Sugarman's, Carburton, Burgess)**

26.

Plaintiffs reallege paragraphs 1-25 above as if set forth herein.

27.

Debtor retained the buy-in fees paid in paragraph 9 for its (and the other Defendants') own use and benefit. The Debtor and Farmington represented to Plaintiffs that they were "buying in" to the Facility for their future residence and care.

28.

Plaintiffs made an advancement of money that benefitted Debtor and Farmington, as solicited by their representatives when, in fact, no entity by the name of "Orchards Village LLC" existed and the Debtor and Farmington did not use the funds paid by Plaintiffs as their representatives represented they would. Upon information and belief, Henry's, Sugarman's Carburton and Burgess benefitted from the use of some of the funds Plaintiffs paid, as referenced in paragraph 9.

29.

As a court of equity, this Court should impose an equitable lien against the Facility in favor of Plaintiffs out of general consideration of right and justice in order to avoid unjust enrichment of Defendants.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment - Constructive Trust)**

**(Against the Debtor and Farmington)**

30.

Plaintiffs reallege paragraphs 1-29 above as if set forth herein.

/ / /

Page 7 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

31.

The Debtor and Farmington have been unjustly enriched at the expense of Plaintiffs in the form of the fees paid by Plaintiffs, as referenced in paragraph 9.

32.

The Debtor and Farmington obtained such funds through actual fraud, abuse of confidence reposed and accepted or through other questionable means.

33.

The Debtor and Farmington gained the fees paid by Plaintiffs, as referenced in paragraph 9, which, in equity and good conscience, they should not be permitted to retain. As a remedy for that unjust enrichment, Plaintiffs are entitled to a declaratory judgment in their favor that the Debtor and Farmington hold the buy-in fees paid by Plaintiffs in constructive trust for Plaintiff.

**FIFTH CLAIM FOR RELIEF**

**(Conversion)**

**(Against Farmington)**

34.

Plaintiffs reallege paragraphs 1-33 above as if set forth herein.

35.

Farmington wrongfully received the money Plaintiffs entrusted to "Orchards Village LLC." Representatives of the Debtor and Farmington represented to Plaintiffs that the buy-in fees paid would be held for their benefit for use at the Facility.

36.

Farmington does not own the Facility and did not retain the funds for the Debtor's benefit.

///

///

Page 8 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

37.

Plaintiffs are entitled to a money judgment against Farmington for the fees paid as set forth in paragraph 9 above.

## SIXTH CLAIM FOR RELIEF

**(Breach of Contract)**

**(Against Farmington)**

38.

Plaintiffs reallege paragraphs 1-37 above as if fully set forth herein.

39.

Assuming that the residence agreement that the representatives of Farmington requested Plaintiffs sign is valid, Farmington cannot perform the obligations set forth in the residence agreements because they do not have a license to operate the Facility, do not own the Facility and have no ownership or control of the Facility.

40.

For the reasons set forth in paragraph 39, Farmington has breached the residence agreements, assuming they are valid.

41.

Based on Farmington's breach of the residence agreements, assuming they are valid, the Plaintiffs are entitled to recover their buy-in fees from Farmington.

42.

Plaintiffs are entitled to a money judgment against Farmington in their favor for recovery of the buy-in fees set forth in paragraph 9.

43.

Pursuant to the provisions of the residence agreement, Plaintiffs are entitled to recover their reasonable attorney fees incurred herein.

/ / /

Page 9 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1   WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

2   1.   On Plaintiffs' first claim for relief, for judgment: (a) against the Debtor for unjust enrichment and the remedy of an equitable lien against the Facility in their favor; and (b) against Farmington for unjust enrichment and the remedy of a money judgment in the sum of $1,137,776, plus interest at the rate of 12% per annum from date of judgment until paid;

3   2.   On Plaintiffs' second claim for relief, for judgment against the Debtor and Farmington for $1,137,776, plus interest at the rate of 12% per annum from date of judgment until paid;

4   3.   On Plaintiffs' third claim for relief, for judgment against all Defendants for a declaratory judgment that Plaintiffs are entitled to an equitable lien against the Facility in the amount of $1,137,776;

5   4.   On Plaintiffs' fourth claim for relief, for judgment against the Debtor and Farmington for a judgment that the Debtor and Farmington hold the funds paid by Plaintiffs of $1,137,776 in constructive trust for the benefit of Plaintiffs;

6   5.   On Plaintiffs' fifth claim for relief, for judgment against Farmington for conversion and a money judgment against Farmington in the amount of $1,137,776, plus interest at the rate of 12% per annum from date of judgment until paid;

7   6.   On Plaintiffs' sixth claim for relief, for judgment against Farmington for breach of contract in the sum of $1,137,776, plus interest at the rate of 12% per annum from date of judgment until paid, plus Plaintiffs' reasonable attorney fees incurred herein;

8   7.   For Plaintiffs' costs and disbursements incurred herein; and

/ / /
/ / /
/ / /
/ / /
/ / /

Page 10 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1      8.     For such other relief as the Court deems just and equitable.

2      Dated: June 5, 2009.

3

                                           FARLEIGH WADA WITT

4

5

6                              By: /s/ Tara J. Schleicher
                                        Tara J. Schleicher, OSB #954021

7                                          (503) 228-6044
                                         tschleicher@fwwlaw.com

8                                          Of Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 11 of 11 – COMPLAINT
H:\Client\Rizzog\31136\COMPLAINT.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741